■ MICHAEL S. HARTE et al., Appellants-Respondents, v TURBOSYSTEMS, INC., et al., Respondents-Appellants. — Cross appeals from an order and judgment of the Supreme Court in favor of plaintiff First Hudson Securities Corporation, entered December 22, 1981 in Albany County, upon a decision of the court at Trial Term (Williams, J.), without a jury. This is an action seeking to compel defendants to include plaintiffs in a stock redemption plan offered by defendants. Following a nonjury trial, plaintiff First Hudson Securities Corporation was awarded judgment in the amount of $1,406.25 on the second cause of action in the complaint and the remaining two causes of action were dismissed. These cross appeals ensued. Although the underlying events giving rise to this lawsuit are long and complicated, resolution of the issues raised on this appeal does not require knowledge of the detailed factual background. It is sufficient to know that plaintiffs, by commencing this action seeking inclusion in the redemption plan offered by defendants to its other shareholders, are asking for equitable relief and must therefore come before the court with clean hands. We affirm that portion of the judgment being appealed which dismissed the first cause of action by plaintiff Michael Harte based upon a finding that he obtained his 19,500 shares of stock in Turbosystems, Inc., by "taking unfair advantage of a client [Turbosystems, Inc.] whom he knew was in desperate need of working capital". As to the second cause of action by plaintiff First Hudson Securities Corporation, Trial Term's decision awarding judgment for $1,406.25 must also be upheld. Defendants concede that the 4,200 shares of stock in Turbosystems, Inc., owned by First Hudson should have been included in the redemption plan and argue only that First Hudson is not entitled to any relief in this action due to its own inequitable conduct. The conduct referred to is First Hudson's representation, both in its pleadings and throughout the course of the trial, that it was an ongoing domestic corporation when it was, in actuality, a Delaware corporation which had been dissolved a year before this action was commenced. While defendants correctly point out that parties seeking equitable relief must keep their hands clean throughout the litigation, the misstatements in the record concerning First Hudson's corporate status are collateral to the issues raised by the lawsuit and do not affect the very cause of action asserted (cf. *Mas v Coca-Cola Co.,* 163 F2d 505, 508-509). Accordingly, Trial Term correctly ruled that First Hudson's shares of stock should have been included in defendants' redemption plan and awarded damages based on the facts which existed on December 5, 1974, the date on which the redemption plan was consummated.* Finally, the third cause of action on behalf of First Hudson seeks to exercise a warrant it had to purchase 40,000 shares of stock in Turbosystems, Inc., and to have those shares included in the redemption plan. This cause of action was properly dismissed since the warrant was never exercised and therefore did not give First Hudson any stockholder's rights which would have allowed it to participate in the redemption plan (see *Helvering v Southwest Corp.,* 315 US 194, 200-201). Order and

---

* Even though it was a dissolved corporation, First Hudson Securities Corporation was authorized to bring this action under Delaware law (Del General Corporation Law, § 278 [Del Code Ann., tit 8, § 278]).

judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Levine, JJ., concur.